PILGRIM v. PILGRIM.

1. **Divorce**: WILLFUL DESERTION. Where the evidence is sufficient to constitute willful desertion, and absence without reasonable cause for more than two years, a decree of divorce should be granted.

*Appeal from Muscatine Circuit Court.*

MONDAY, DECEMBER 12.

ACTION for divorce on the ground of desertion. The defendant denied that she deserted the plaintiff. On the other hand, by cross petition, she averred that the plaintiff deserted her, and she prayed for a decree of divorce in her favor, and for $5,000 as alimony. The court dismissed both the plaintiff's petition and the defendant's cross-petition. Both parties appealed, the plaintiff perfecting his appeal first.

*Cloud & Cloud*, for appellant.

*Hoffman, Pickler & Brown*, for appellee.

ADAMS, CH. J.—The plaintiff is a farmer in easy circumstances, between sixty and seventy years of age and resides in the county of Muscatine. He was at the time of his marriage, July, 1878, a widower. His housekeeper appears to have been a daughter, Kate Pilgrim, about fifteen years of age. The parties were married in the city of Muscatine. On the evening of the day of their marriage they went to the plaintiff's residence, which was about seven miles from the city. The defendant that night did not occupy a bed with her husband, but slept with the daughter Kate. In the morning, before

*1. DIVORCE: willful desertion.*

breakfast, she left and returned to Muscatine, and never lived with the plaintiff afterward. The parties met two or three times afterward and had some talk in regard to her return, and she did once return but did not remain. The ostensible cause of her leaving on the morning after her marriage was the dissatisfaction expressed by Kate. Her dissatisfaction was expressed both by language and tears, though it appears that she said but little, and her language was characterized by entire civility. The plaintiff treated the defendant with kindness, and expressed the hope that the daughter would become reconciled. The defendant claims that she left for a mere temporary absence, and as an expedient to enable her husband the better to reconcile his daughter; that she was willing to return, but was not allowed to do so. In our opinion the evidence does not sustain her claim.

The defendant is greatly the plaintiff's junior, and the undisputed evidence is that she married him with great hesitation. She objected to his age, his looks, and his children. After having promised to marry him she refused to do so as late as the morning of the day she was married. After she was married and was about starting to go to her husband's residence, she stated to the woman in whose house she was married that she should return soon. She also stated to her, if the testimony of the woman is to be believed, that she would not sleep with her husband that night. The defendant denies that she so stated, but her conduct was such as to incline us to believe that she did. No conviction upon her part as to the expediency of her leaving her husband's house could possibly excuse the indecent haste with which she left it. Whether she had formed the determination before she left Muscatine not to cohabit with her husband is not very material. It is certain that she did not cohabit with him, and we think that it was her fault. On this point the testimony of the plaintiff and defendant are directly in conflict, but the plaintiffs is more consistent with all the proven facts of the case. In refusing, as we think she did, to

occupy her husband's bed, and in leaving his house the next morning before breakfast, we think that she willfully deserted him.

Did she absent herself without reasonable cause for two years? We think that she did. She claims that she absented herself through her husband's fault. But, according to the preponderance of the evidence, he asked her to return and she refused. It is undisputed that when he offered to shake hands with her she refused, and when he sought to address her she insultingly turned her back toward him.

She testifies, to be sure, that she offered to return, and that it was understood between them that she was to return as soon as he could reconcile the children, and that he was to let her know when they were reconciled, and take her home, which he failed to do. But this is not consistent with her proven conduct.

In our opinion the plaintiff is entitled to a decree as prayed. Upon the defendant's appeal the judgment is affirmed, and upon the plaintiff's appeal it is

REVERSED.